615 So.2d 707 (1992)
Rosa ARMESTO, Appellant,
v.
Florida State University College of Law Dean Donald WEIDNER, Appellee.
No. 92-239.
District Court of Appeal of Florida, Third District.
December 15, 1992.
Rehearing Denied April 20, 1993.
*708 Maland & Ross, Lauri Waldman Ross, Kelly, Black, Black, Byrne, Beasley & Bales, P.A., and Hugo L. Black, Jr., Miami, for appellant.
Gerald B. Jaski, General Counsel for Florida State University and Linda C. Schmidt, Associate General Counsel, for appellee.
Before HUBBART, NESBITT and GODERICH, JJ.
PER CURIAM.
Rosa Armesto appeals from Dean Donald Weidner's order adopting the hearing panel's finding that she was guilty of cheating. We affirm.
This student disciplinary case began when Professor Nat Stern accused Armesto of cheating on her final examination in his Constitutional Law II class which was administered on April 28, 1988 at Florida State University College of Law [FSU]. Dean D'Alemberte appointed Professor Mark Player to investigate the matter. On May 31, 1988, Player informed Armesto of his appointment and the general nature of the charges. On June 13, 1988, Player informed Armesto of the specific charges and how the investigation was proceeding. Armesto and her attorney met with Player on July 18, 1988, and responded to the allegations. Player did not question Armesto; he only asked her to explain her version of the events.
On July 25, 1988, Player submitted his report to Dean D'Alemberte stating that there was substantial evidence to support a finding that Armesto improperly used notes during the exam and recommending that formal charges be brought against her. Player concluded that Armesto's version regarding her exiting the classroom and going into the rest room during the exam directly conflicted with the observations of Stern and Beverly Perkins. Perkins heard sounds of rustling of paper coming from Armesto's stall.
Armesto filed a complaint in circuit court seeking to restrain the prosecution of *709 charges that she violated FSU's College of Law Student Conduct Code [code]. The circuit court entered an order enjoining FSU from proceeding based on Player's investigation. FSU, however, was not precluded from initiating another investigation. FSU appealed and the First District Court of Appeal vacated the injunction and reversed with directions to dismiss the underlying complaint; the court found that Armesto had not exhausted all her administrative remedies. Florida Bd. of Regents v. Armesto, 563 So.2d 1080 (Fla. 1st DCA 1990).
Player stepped down as investigator and Professor Joseph Jacobs was appointed to present the case against Armesto to the hearing panel. The hearing panel, consisting of three law school faculty members and two law students, found that Armesto was guilty of cheating. Armesto moved to dismiss the charges based on the alleged deficiencies of the investigation. Then, Jacobs introduced Player's report to the Dean. During the hearing, Perkins testified that she had looked under the rest room stall and seen Armesto holding a paper with writing on it. The panel recommended that Armesto be immediately suspended until she retook and successfully completed the Constitutional Law II course. The panel also recommended that the Dean place a copy of the findings in the student's file and disclose the result of the proceedings to the relevant Bar agency. Armesto submitted written exceptions.
Dean Donald Weidner, Dean D'Alemberte's successor, overruled her exceptions to the hearing panel's findings. Dean Weidner affirmed the report, concluding that (1) Player's investigation was proper; (2) the appointment of a new investigator cured any defects in the report; and (3) once the hearing was held, any issue as to the adequacy of the investigation was rendered moot. Dean Weidner decreed that Armesto would be awarded her Juris Doctorate degree as of December, 1991. Armesto appealed.
Our review of the record discloses that the hearing panel's finding that Armesto cheated during the exam is supported by substantial, competent evidence. See Cohen v. School Bd. of Dade County, Fla., 450 So.2d 1238 (Fla. 3d DCA 1984). Unless the record discloses an abuse of discretion or a violation of law by FSU, we should not overturn the hearing panel's determination. See Butler v. Carter, 123 So.2d 313 (Fla. 1960); Cohen, 450 So.2d at 1241. We will examine Armesto's allegations that FSU violated the law.
Armesto contends that FSU did not follow the code and thereby violated her due process rights. We disagree.
An agency violates a person's due process rights if it ignores rules it promulgated which affect individual rights. Morton v. Ruiz, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974). FSU contends that it correctly followed its rules.
A review of the code and the record reveals that FSU correctly followed the applicable provisions of the code. Player interviewed everyone he believed had knowledge of the facts as required by Rule 6C2-3.045(2)(b)2.b., Florida Administrative Code (1990). The code also requires that the investigator "interview the accused if considered appropriate." Fla. Admin. Code Rule 6C2-3.045(2)(b)2.c. Player advised Armesto in advance in writing on two separate occasions as to the charges against her. Fla. Admin. Code Rule 6C2-3.045(2)(b)2.a. Then, Player arranged a meeting with her. At this meeting, with Armesto and her attorney, Player asked Armesto to respond to the charges and give her version of the events. Player was not required to interrogate Armesto during the interview. Player asked Armesto for the names of persons that might assist his investigation. Armesto submitted a bound file containing her written statement, statements of several witnesses, and statements regarding her character and reputation. But, she gave no names. Clearly, Armesto and her attorneys were aware of what Player wanted to accomplish at the interview, and came prepared. She cannot now claim that the she had to speculate as to what questions Player had in his mind.
*710 Finally, Armesto's argument that Player should have removed himself from the investigation when he perceived that he was the recipient of an attempted bribe is without factual support. Under the code, "[t]he investigator should not be either an accuser or anticipated witness in the matter." Fla. Admin. Code Rule 6C2-3.045(2)(b)1. There is nothing in the record to suggest that Player took any adverse actions based on the perceived bribe. As Armesto agreed, Player never suggested that Armesto even knew of the attempted bribe. In fact, Player never even mentioned the attempted bribe in his report. He never let this incident affect his perception of Armesto or his investigation and, therefore, he could not have anticipated becoming a witness in the case. Additionally, Player never assumed the role of prosecutor, but remained an investigator and fact finder. Therefore, he did not have to disqualify himself under the code.
In summary, FSU followed all the requirements as set forth in the code and thereby adhered to all the procedures necessary to ensure fairness and guarantee Armesto her due process rights. See Jennings v. Dade County, 589 So.2d 1337 (Fla. 3d DCA 1991), rev. denied, 598 So.2d 75 (Fla. 1992). Armesto was convicted based on clear and convincing evidence as required by the code. Fla. Admin. Code Rule 6C2-3.045(2)(f).
Armesto also contends that FSU erred in admitting Player's investigative report into evidence at the hearing. We disagree.
Player's report to the Dean was admitted into evidence at the hearing not for its truth, but as rebuttal evidence to show that Player was diligent in conducting his investigation. There is no indication whatsoever in the record that the report was relied on for its truth. Therefore, the report is not hearsay. § 90.801(1)(c), Fla. Stat. (1991). Additionally, the probative value of the report, to show Player's diligence in carrying out the investigation, outweighed the danger of unfair prejudice. § 90.403, Fla. Stat. (1991).
For the foregoing reasons, we find that Armesto has failed to demonstrate that FSU violated the law in conducting an investigation, bringing her to a hearing, and in finding her guilty of cheating on her exam. Therefore, FSU's order is affirmed.
Affirmed.