United States Court of Appeals,

Eleventh Circuit.

No. 95-8602.

Alfonzo HARRIS, Beverly Harris, Plaintiffs-Appellees,

v.

 PROCTER & GAMBLE CELLULOSE CO., Terri Delong, Tollie Strode and
Michael Brantley, Defendants-Appellants.

Jan. 22, 1996.

Appeal from the United States District Court for the Middle
District of Georgia. (No. CV-94-135-2-MAC(DF)), Duross Fitzpatrick,
Chief Judge.

Before HATCHETT and BIRCH, Circuit Judges, and GODBOLD, Senior
Circuit Judge.

HATCHETT, Circuit Judge:

In this interlocutory appeal, we rely on *Lightning v. Roadway
Express, Inc.,* 60 F.3d 1551 (11th Cir.1995), to affirm the district
court's denial of appellants' rule 12(b)(6) motion to dismiss the
appellee's claim for intentional infliction of emotional distress
under Georgia law.

BACKGROUND

Appellee Alfonzo Harris (Harris) worked at the Oglethorpe,
Georgia, pulp and paper plant of appellant Procter & Gamble
Cellulose Co. (Procter & Gamble) for approximately twelve years.
The company terminated his employment in 1992.  On May 2, 1994,
Harris instituted this lawsuit in the United States District Court
for the Middle District of Georgia asserting federal and state due
process, federal civil rights, and state tort law claims against
Procter & Gamble and appellants Terri Delong, Tollie Strode, and

Michael Brantley.[1]  Harris's wife, appellee Beverly Harris, also brought a claim for loss of consortium.

The Harrises' *pro se* complaint alleged the following facts:

13. During October 1991, Plaintiff detected and reported overexposure at the work place to toxic chemicals, known as "Hydrogen Sulfide", said chemicals capable of causing harm to Plaintiff Alfonzo Harris and other Procter & Gamble employees.

14. As a direct result of the overexposure to Hydrogen Sulfide, Plaintiff Alfonzo Harris suffered numerous physical ailments, including sever[e] headaches, extreme nausea and fainting spells, which he reported to Defendants.

15. After Plaintiff Alfonzo Harris reported the toxic chemical overexposure of employees, Defendants failed and refused to correct the problem reported and denied [that] overexposure to Plaintiff and/or other employees of toxic chemicals [had] occurred, in spite of the evidence to the contrary gathered by this Plaintiff.

16. After reporting his findings to his supervisor of toxic chemical overexposure of employees, this Plaintiff suffered continuous harassment, threats of termination from employment, humiliation, supervisory indifference and false accusations from Defendants, said deliberate conduct on the part of Defendants intended to, and did eventually result, in Mr. Alfonzo Harris' termination from employment.

....

21. Said discharge of Plaintiff Alfonzo Harris by the Defendant Procter & Gamble was malicious, abusive, and wrongful and was done with the intent to subject Plaintiff Alfonzo Harris and Plaintiff Beverly Harris, to public scorn and ridicule, to prevent Plaintiff Alfonzo Harris from collecting severance pay due from the sale of the Defendant Company as other employees received, to prevent this plaintiff from continued employment with the new owner of the Defendant company's plant as other employees were entitled, such conduct on the part of Defendants being the result of racial discrimination and the attempt to cover-up serious occupation[al] safety standards violations committed by Defendants.

....

27. As a result of Defendants' intentional and/or

---

[1]Procter & Gamble employees Delong, Strode, and Brantley allegedly had supervisory authority over Harris.

negligent conduct, Plaintiffs, Alfonzo Harris and Beverly Harris, have suffered emotional and mental distress, humiliation and public ridicule, and damage to their reputation.

On March 31, 1995, the district court issued an amended order in response to appellants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  That order granted appellants' motion as to Harris's:  (1) claims based upon 42 U.S.C. § 1983 and state and federal due process clauses;  (2) retaliation claim under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-3(a);  (3) racial discrimination claim against Delong, Strode, and Brantley under Title VII, 42 U.S.C. § 2000e-2(a)(1); and (4) state claims for wrongful or retaliatory discharge, breach of the covenant of good faith and fair dealing, and negligent infliction of emotional distress.[2]  The court also granted appellants' motion as to Beverly Harris's claim under Title VII for loss of consortium.

The district court denied appellants' motion, however, as to Harris's claim for intentional infliction of emotional distress, holding:

> Liability for intentional infliction of emotional distress "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities," *Cooler v. Baker,* 204 Ga.App. 787, 420 S.E.2d [649] 649-650 (1992) (quoting with approval The Restatement (Second) of Torts [Ch. 2, Emotional Distress,] § 46(1), comment d) (emphasis added). More specifically, threats by an employer do not constitute "the kind of egregious conduct necessary to state a claim for the intentional infliction of emotional distress." *Sossenko v. Michelin Tire Corp.,* 172 Ga.App. 771, 324 S.E.2d 593, 594 (1984) (quoting *Thomas v. Ronald A. Edwards Construction Co.,* 163 Ga.App. 202, 205(2), 293 S.E.2d 383 (1982)).  However, threats arising in an

_____

[2]Harris's Title VII racial discrimination claim against Procter & Gamble survived appellants' motion to dismiss.

employer-employee relationship involve a "captive victim whom may fear reprisal for complaining," such that "a reasonable person could find the conduct outrageous and egregious" and thereby claim intentional infliction of emotional distress. *Richardson v. Hennly,* 209 Ga.App. 868, 434 S.E.2d 772, 776 (1993) (quoting *Coleman v. Housing Authority, etc.,* 191 Ga.App. 166, 169(1), 381 S.E.2d 303 (1989)). Despite everything stated thus far, an employer's threats and retaliatory activities satisfy the requisite element of outrageousness supportive of a claim for intentional infliction of emotional distress. *Yarbray v. Southern Bell Telephone & Telegraph Co.,* 261 Ga. 703, 409 S.E.2d 835, 838 (1991).

Given the above-noted split in Georgia authorities this court cannot conclusively state that these plaintiffs fail to present a claim for intentional infliction of emotional distress, and if for no other reason defendants' motion to dismiss must be DENIED in this particular.

The district court, however, also determined that "Harris' claim for intentional infliction of emotional distress and, *a fortiori,* Ms. Harris' claim for loss of consortium, presents a controlling question of law as to which there is substantial grounds for a difference of opinion." Consequently, the court, pursuant to 28 U.S.C. § 1292(b), permitted the parties to petition for an interlocutory appeal on this issue. On May 18, 1995, this court granted appellants permission to appeal.

DISCUSSION

We have jurisdiction pursuant to 28 U.S.C. § 1292(b). In this interlocutory appeal, our review of the district court's decision is limited to a pure question of law. *See Foster Wheeler Energy Corp. v. Metropolitan Knox Solid Waste Auth., Inc.,* 970 F.2d 199, 202 (6th Cir.1992).

It has long been the rule ... that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief. Moreover, in evaluating the sufficiency of the pleading attacked on motion, both the district court and this

court are required to construe the complaint in the light most favorable to the plaintiff and to take the allegations contained therein as true. The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests. A 12(b)(6) motion tests only the sufficiency of the claim set out in the plaintiff's pleadings. Denial of such a motion, therefore, does not indicate that the plaintiff will ultimately prevail on a claim which withstands a 12(b)(6) challenge.

*Mann v. Adams Realty Co., Inc.,* 556 F.2d 288, 293 (5th Cir.1977) (citations omitted).[3]

Applying these principles, we hold that the Harrises' complaint sets forth sufficient factual allegations to state a claim under Georgia law for intentional infliction of emotional distress. *See Lightning v. Roadway Express, Inc.,* 60 F.3d 1551, 1554-55, 1558 (11th Cir.1995); *Yarbray v. Southern Bell Tel. & Tel. Co.,* 261 Ga. 703, 409 S.E.2d 835, 837-38 (1991); *Anderson v. Chatham,* 190 Ga.App. 559, 379 S.E.2d 793, 799-800 (1989).

## CONCLUSION

Accordingly, we affirm the district court's order denying appellants' motion to dismiss as to Harris's claim for intentional infliction of emotional distress.

AFFIRMED.

---

[3]In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc* ), this court adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.