740 So.2d 1209 (1999)
John RATHKAMP, individually, Monroe County Vacation Rental Managers, Inc., a Florida corporation, Lower Keys Chamber of Commerce, a Florida corporation, and Marathon Chamber of Commerce, a Florida corporation, Appellants,
v.
DEPARTMENT OF COMMUNITY AFFAIRS and Monroe County, Appellees.
No. 98-3383.
District Court of Appeal of Florida, Third District.
August 4, 1999.
Rehearing Denied October 20, 1999.
Gray Harris and Robinson, P.A., and Wilbur E. Brewton, and Kenneth J. Plante *1210 (Tallahassee); Ritter, Chusid, Bivona & Cohen, LLP and Jeffrey Bell (Boca Raton), for appellants.
Morgan & Hendrick, and Karen K. Cabanas, and Hugh J. Morgan; Sherry A. Spiers, Assistant General Counsel, Department of Community Affairs (Tallahassee), for appellees.
Sarah M. Bleakley and William J. Roberts (Tallahassee) for Florida Association of Counties, Inc. as amicus curiae; Frank A. Shepherd for Pacific Legal Foundation as amicus curiae.
Before COPE, LEVY, and GREEN, JJ.
PER CURIAM.
The appellants appeal a final order entered by the State of Florida Department of Community Affairs ("FDCA") finding Monroe County Ordinance number 004-1997, which prohibits vacation rentals for periods of less than twenty-eight days in certain unincorporated areas of Monroe County, to be consistent with the Principles of Guiding Development for the Florida Keys area of critical state concern pursuant to section 380.04, Florida Statutes (1997). After reviewing the record on appeal, we first find that there is competent substantial evidence to support the FDCA's findings in this regard. See University of Miami v. Zepeda, 674 So.2d 765, 766 (Fla.3d DCA 1996); Armesto v. Weidner, 615 So.2d 707, 709 (Fla. 3d DCA 1992); Cohen v. School Bd. of Dade County, Florida, 450 So.2d 1238, 1241 (Fla. 3d DCA 1984).
Finally, contrary to the appellants' argument, we conclude that section 380.0552(7), Florida Statutes (1997), is not an unconstitutional delegation of legislative authority to the FDCA where the legislature has set forth twelve specific guidelines for guiding development and has directed that such guidelines are to be reviewed by the FDCA as a whole in its determination of whether a proposed land development regulation is consistent with the guidelines. For these reasons, the order under review is affirmed.
Affirmed.