**Elizabeth J. NEUMONT,
et al., Plaintiffs,**

v.

**MONROE COUNTY FLORIDA,
Defendant.**

**No. 99–10054–CIV.**

United States District Court,
S.D. Florida.

June 21, 2000.

---

James H. Hicks, Hicks, Brams & Scher, West Palm Beach, FL, Harold E. Wolfe, Jr., West Palm Beach, FL, William Hoffman Pincus, Hicks, Brams & Scher, West Palm Beach, FL, for plaintiffs.

James T. Hendrick, Karen K. Cabanas, Morgan & Hendrick, Key West, FL, David L. Jordan, Fla. Dept. of Community Affairs, Tallahassee, FL, for defendants.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

PAINE, District Judge.

This matter comes before the Court upon Defendant's Motion to Dismiss Amended Complaint (D.E.64). The Court has carefully reviewed all pleadings filed incident to this Motion and has concluded that it should be Denied, as detailed below.

## PROCEDURAL HISTORY

On November 2, 1999, this Court dismissed the original Complaint (D.E.1) without prejudice and granted Plaintiffs leave to amend, upon the ruling of the Third District Court of Appeal in *Rathkamp v. Department of Community Affairs*, 740 So.2d 1209 (Fla. 3d DCA 1999).[1] In *Rathkamp*, the Third District Court of Appeal affirmed the final order of the Florida Department of Community Affairs ("FDCA"), which held that Monroe County Ordinance No. 004–1997 (the "Ordinance") is valid under Florida law and consistent with the Principles of Guiding Development for the Florida Keys area of critical state concern, as required by Fla. Stat. § 380.04. The Third District further held that Fla. Stat. § 380.0552(7) does not constitute an unconstitutional delegation of legislative authority to the FDCA under the Florida Constitution. On March 16, 2000, the Florida Supreme Court denied the *Rathkamp* Plaintiffs' petition for certiorari.

Pursuant to this Court's Order Granting Defendant's Motion to Dismiss (D.E.62), Plaintiffs have timely filed their Amended

---

1. At the time of filing the original Complaint, Plaintiffs alleged that an adverse ruling in *Rathkamp* would render some of their claims moot as a matter of law.

Complaint and have eliminated those factual allegations that pertain solely to issues already resolved in *Rathkamp*. In response, Defendant Monroe County (the "County") has filed the instant Motion to Dismiss.

## LEGAL ANALYSIS

The County's Motion to Dismiss Plaintiffs' Amended Complaint Raises five grounds for dismissal: (1) the Court has already deemed Counts I–IV moot; (2) Plaintiffs have failed to state a cause of action for inverse condemnation; (3) the Court lacks subject matter jurisdiction because Plaintiffs' takings claims are unripe; (4) Plaintiffs have no independent cause of action under the Declaratory Judgment Act and/or 42 U.S.C. § 1983; (5) the Amended Complaint does not conform to FRCP 8(a) pleading requirements. The Court finds that dismissal is unwarranted and will address each of these grounds in turn.

### A. AMENDED COMPLAINT COUNTS I–IV ALREADY DEEMED MOOT BY COURT

The County contends, and Plaintiffs concede, that the Court has dismissed Plaintiffs' premature enforcement claims as moot. However, Plaintiffs argue that these claims are not actually moot because their viability does not depend upon the validity of the Ordinance, which has been upheld by the Third District. They argue that the Court should reconsider its decision and that the independence of these claims was not made clear in the original Complaint. The Court agrees.

In Counts I–IV of the Amended Complaint, Plaintiffs have expressly stated that the premature enforcement claims are not contingent upon the outcome in *Rath-*

2. Fla. Stat. § 120.68 provides for Judicial Review of agency decisions. Subsection 3 of this section relates to enforcement of an agency decision pending its appeal.

3. Fla. Stat. § 380.05(6) directs the procedures to be followed by the state land planning agency for approving or rejecting land development regulations. This section states that:

*kamp.* In light of this clarification, and upon review of Florida Statutes §§ 120.68[2] and 380.05(6)[3], the Court finds that Plaintiffs' premature enforcement claims are still viable after the *Rathkamp* decision. Notwithstanding the ultimate validity of the Ordinance, Plaintiffs have the potential of prevailing on their claim that Florida law required the County to suspend its enforcement of the Ordinance pending final resolution of Plaintiffs' challenges thereto. Consequently, it would be improper for the Court to dismiss the premature enforcement claims at this stage of the proceedings.

### B. CAUSE OF ACTION FOR INVERSE CONDEMNATION

#### 1. Standard for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir.1996). In evaluating the Complaint in the context of a 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the Plaintiff, accepting the allegations set forth therein as true. *Id.* The Complaint need not detail the facts underlying the claims raised therein. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Rather, the Federal Rules of Civil Procedure merely require that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2).

[n]o proposed land development regulation within an area of critical state concern becomes effective under this subsection until the state land planning agency issues its final order or, if the final order is challenged, until the challenge to the order is resolved pursuant to chapter 120.

## 2. Analysis of 12(b)(6) Motion to Dismiss for Failure to State a Cause of Action for Inverse Condemnation

In Counts VI–IX, Plaintiffs allege that the Ordinance's ban on vacation rentals constitutes a taking, pursuant to the United States and Florida Constitutions. The County argues that Plaintiffs have failed to state a cause of action for inverse condemnation because the Ordinance expressly allows for other reasonable economic uses, and therefore does not amount to a legal taking.

It is the County's position that a claim of inverse condemnation and/or regulatory taking requires a showing that the challenged regulation denies all reasonable economic use. Plaintiffs, on the other hand, urge the Court to recognize a cause of action for inverse condemnation and/or regulatory taking where the land ordinance deprives them of less than all reasonable economic use of their properties.

In the present case, Plaintiffs allege that the ban on vacation rentals constitutes a partial taking of their property without just compensation. In Paragraph 66 of the Amended Complaint, Plaintiffs allege that "Defendant's elimination of the Class' vacation rentals have deprived the Class of all or substantially all economic or beneficial use of a valuable property right." D.E. 63 at 17.

■■ In a partial takings situation, the Court must make an ad hoc inquiry based upon the particular circumstances in each case to determine whether a constitutional taking has occurred. *Reahard v. Lee County*, 968 F.2d 1131, 1136 (11th Cir. 1992) (citing *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 124, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978)). In a claim for "just compensation," the central question is "whether the landowner has been denied all or substantially all economically viable use of his property." *Id.* at 1136; *see Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1015, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992). This fact-intensive question is resolved by ana-lyzing (1) the economic impact of the regulation upon the claimant, and (2) the extent to which the regulation has interfered with investment-backed expectations. *Reahard*, 968 F.2d at 1136.

■ As the applicable standard for determining whether a regulation amounts to a taking is fact-intensive, it cannot be resolved on a motion to dismiss. As previously stated, Plaintiffs need only provide a short and plain statement of their claims and need not detail the facts underlying them. *See* Fed.R.Civ.P. 8(a); *Conley*, 355 U.S. at 47, 78 S.Ct. 99. Therefore, the Court finds it improper to dismiss these claims at this preliminary stage in the litigation.

## C. SUBJECT MATTER JURISDICTION; RIPENESS OF TAKINGS CLAIMS

The County next contends that Plaintiffs' claims are unripe because Plaintiffs have failed to exhaust their state court remedies on their takings claims. Therefore, the County argues, this Court lacks subject matter jurisdiction over the Plaintiffs' takings claims.

Plaintiffs have styled this lawsuit as a class action and have stated that members of the Plaintiff class include plaintiffs that were involved in two state court cases (the "Romanoff" and "Drossel" cases). It is the Plaintiffs' contention that, during both of these state court lawsuits, the County has either made changes to the regulation at issue or has agreed not to enforce it in order to have the lawsuits dismissed as moot. In Paragraph 68 of the Amended Complaint, Plaintiffs allege that they have exhausted their state administrative remedies, "or, alternatively, exhaustion is futile because the County has acted in such manner as to obstruct the Class from pursuing its state law remedies ..." D.E. 63 at 18.

In the regulatory takings context, a property owner must allege the following: either that state law provides him no process for obtaining just compensation (such as an action for inverse condemna-

tion) or that the state law appears to provide such process, but due to state court interpretation, the process is inadequate. *If the property owner makes either allegation, then his Fifth Amendment takings claim is ripe.*

■ *Agripost, Inc. v. Miami–Dade County,* 195 F.3d 1225, 1231 (11th Cir. 1999) (emphasis added). As noted above, Plaintiffs have alleged that they have exhausted their state court remedies and have not received just compensation. At this stage of the proceedings, the Court must accept Plaintiffs' allegations as true. Therefore, in accordance with the Eleventh Circuit authority cited herein, the Court must find that it has subject matter jurisdiction and that Plaintiffs' takings claims are ripe. If, however, during the course of discovery, the County discovers that the facts do not support Plaintiffs' allegations, the County is permitted to renew its ripeness challenge at the summary judgment stage.

The County further argues, in the alternative, that if the Court finds that plaintiffs' takings claims were raised in the *Romanoff* and *Drossel* cases, then Plaintiffs are precluded from raising them here, under principles of res judicata and collateral estoppel. However, the Court has not so found. In finding that it has subject matter jurisdiction, the Court has merely held that the Plaintiffs have met the pleading requirements for establishing that their claims are ripe for judicial review. In addition, at this stage of the proceedings, the Court is not in a position to conduct a factual inquiry into the County's res judicata and collateral estoppel defenses. *See generally Agripost,* 195 F.3d 1225.

## D.  DECLARATORY JUDGMENT ACT AND 42 U.S.C. § 1983 CLAIMS

The County next contends that Plaintiffs cannot raise claims for inverse condemnation by means of the Declaratory Judgment Act or 42 U.S.C. § 1983, and, alternatively, that such claims should be dismissed as redundant. The County does not allege that Plaintiffs have failed to plead any essential element of their claims for relief under either theory. Neither has the County provided any authority for its proposition that the Plaintiffs cannot seek declaratory relief on the issues underlying their premature enforcement and takings claims. Moreover, aside from its bare assertion that 42 U.S.C. § 1983 is not a source of substantive rights, the County has not persuaded this Court that Plaintiffs have improperly requested relief for the County's actions under 42 U.S.C. § 1983. In the absence of any authority in support of the proposition that Plaintiffs are not entitled to raise claims on several theories of relief, the Court must uphold the liberal pleading requirements and deny the County's request to dismiss Counts I, III, and V of the Amended Complaint.

## E.  CONFORMITY TO FEDERAL RULE OF CIVIL PROCEDURE 8(a) PLEADING REQUIREMENTS

Finally, the County argues that Plaintiffs' entire Amended Complaint should be dismissed for failure to comply with the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a). The County maintains that the Amended Complaint "improperly sets forth extensive legal argument and conclusions of law rather than alleging the ultimate facts to be proven." D.E. 64 at 9.

The court finds that the Amended Complaint conforms to the concise pleading requirements of Rule 8(a). In addition, the Court notes that Plaintiffs have followed the undersigned's directive to excise those portions of its Complaint that were no longer relevant to the issues remaining after *Rathkamp.* Therefore, the Court does not deem it appropriate to dismiss the Amended Complaint for failure to comply with Rule 8(a).

In light of the foregoing, it is hereby

**ORDERED and ADJUDGED** that said Motion is **DENIED.**