872 So.2d 943 (2004)
Kevin BEARY, Orange County Sheriff, Petitioner,
v.
Robin JOHNSON, Respondent.
No. 5D03-3689.
District Court of Appeal of Florida, Fifth District.
March 26, 2004.
Rehearing Denied May 14, 2004.
*944 Keith C. Tischler of Allen, Norton & Blue, P. A., Tallahassee, for Petitioner.
Gus R. Benitez of Benitez & Butcher, P. A., Orlando, for Respondent.
ORFINGER, J.
Kevin Beary, Orange County Sheriff, seeks certiorari review of a circuit court order reversing Beary's decision to terminate the employment of Respondent, Robin Johnson. We grant the petition and quash the circuit court's order.
Robin Johnson was a deputy sheriff with the Orange County Sheriff's Office and enjoyed career service status. Christopher Hinn, who served with the Orange County Sheriff's Office in a reserve capacity, was the brother of Reverend Benny Hinn, a television evangelist. With Christopher Hinn's encouragement, Johnson became involved in Reverend Hinn's ministry. Johnson also provided security services for Reverend Hinn at the World Outreach Center.
A series of demonstrations against Reverend Hinn's ministry took place during the time when Johnson was providing security. According to the circuit court's opinion, during one demonstration, Johnson made an illegal traffic stop of protestor Chris Froman's vehicle. Froman had been videotaping Christopher Hinn, and Johnson incorrectly told Froman that it was a felony to videotape a police officer. Either Johnson or Christopher Hinn asked Froman to erase the tape, and Froman did so, testifying that he believed he would go to jail if he did not comply with the request.
Based on this incident and others not pertinent, an internal investigation of *945 Johnson's conduct ensued. Following the investigation, Johnson was administratively charged with unsatisfactory performance of his duties as a deputy for his actions toward the protestors, violation of the rules pertaining to the exercise of his legal authority, and conduct unbecoming an officer for participating in an illegal traffic stop. Johnson appealed, and the administrative review captain upheld the findings, and added a charge of violating the policy requiring deputies to conform to all laws. Johnson appealed that determination to the appeals board, which upheld the findings. The matter was then presented to Sheriff Beary, who upheld the appeals board ruling and terminated Johnson. Johnson then sought certiorari review of the termination in the circuit court. The circuit court rejected all of Johnson's arguments, save one.
According to Orange County Sheriff's General Order 340(24)(D), during the appeals board hearing, a Level 2 Administrator in the appealing deputy's chain of command is responsible for presenting management's case. The parties agree that the Level 2 Administrator in Johnson's chain of command did not attend the hearing, although another Level 2 Administrator did.
The circuit court concluded that as Johnson had a property interest in his job, when the sheriff's department failed to have the appropriate Level 2 Administrator attend the hearing, it ignored its own rules and violated Johnson's due process rights. The circuit court granted Johnson's petition and quashed the final order of termination "on the sole ground" that Beary had violated Johnson's due process rights by failing to follow departmental rules. Beary now seeks certiorari review of the circuit court's order, arguing that the circuit court's decision departed from the essential requirements of law. Johnson has not sought review of the circuit court's decision rejecting his other claims.
Beary concedes that Johnson had a property interest in his position and was entitled to due process. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). However, Beary argues that the circuit court's order is a departure from the essential requirements of law in three respects. First, Beary argues that the circuit court misapplied the law in determining that Johnson's due process rights were violated based on the failure to comply with General Order 340. Second, Beary argues that the circuit court departed from the essential requirements of law in holding that the procedures actually followed in Johnson's case did not comply with due process. Finally, Beary contends that the circuit court misapplied the law in quashing Johnson's termination, without considering whether the termination was within Beary's discretion, regardless of the procedure afforded.
The Orange County Sheriff's Office is governed by Chapter 89-507, Laws of Florida, which provides that an Orange County deputy, who has successfully completed his or her probationary status, enjoys civil service status and may only be disciplined for cause. The special act provides for a factual review of disciplinary action by an employee relations director or the equivalent, with an opportunity for the accused to respond to the charges and request a meeting with the appropriate administrator prior to imposition of discipline. The administrator's decision is appealable to a disciplinary appeals board, which must hold a hearing, as specified by the procedure adopted by the Sheriff. The board then reports to the Sheriff regarding the merits of the appeal, and the Sheriff renders a written decision concluding the matter.
The Orange County Sheriff's Office adopted General Order 340, establishing a *946 disciplinary procedure in compliance with Chapter 89-507. Section 24(D) of the General Order states that the chairperson of the Disciplinary Appeals Board of the Orange County Sheriff's Office shall have in attendance at a disciplinary appeal hearing, a management representative who is responsible for presenting the management's case. The Order provides that the Level 2 Administrator in the appealing deputy's chain of command shall be the management representative. It is undisputed here that the management representative in Johnson's appeal board hearing was not a Level 2 Administrator in Johnson's chain of command, and that Johnson objected to that failure. Nonetheless, Beary contends that the General Order does not create a protectable property interest or constitutional right.
Relying on Armesto v. Weidner, 615 So.2d 707 (Fla. 3d DCA 1992), the circuit court concluded that the failure to require Johnson's Level 2 Administrator to act as the management representative at the appeals board hearing was a due process violation. The Armesto court explained that "[a]n agency violates a person's due process rights if it ignores rules it promulgated which affect individual rights." 615 So.2d at 709. In so stating, the Armesto court relied on Morton v. Ruiz, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974), for the proposition that "[w]here the rights of individuals are affected, it is incumbent on agencies to follow their own procedures...." Id. (citing Morton, 415 U.S. at 235, 94 S.Ct. 1055).
While we do not disagree with Armesto as a general principle, we conclude it has no application here. Generally, the violation of an internal administrative rule does not constitute a violation of due process. The right to due process is conferred not by legislative grace, but by constitutional guarantee. Loudermill, 470 U.S. at 541, 105 S.Ct. 1487. The Fourteenth Amendment does not constitutionalize the violation of every right granted by state laws, but only those which deprive a person of some right secured by the constitution or laws of the United States. See Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).
More on point is Tonkovich v. Kansas Board of Regents, 159 F.3d 504, 522 (10th Cir.1998), which held that an agency's failure to follow established guidelines regarding a grievance does not, in itself, implicate constitutional due process concerns. See also Jackson v. Cain, 864 F.2d 1235 (5th Cir.1989) (finding that state's failure to follow own procedural regulations does not establish violation of due process where constitutional requirements are nonetheless met). Unless the conduct complained of infringes on federal or state constitutional safeguards, there is no constitutional deprivation. See Franceski v. Plaquemines Parish Sch. Bd., 772 F.2d 197 (5th Cir.1985).
Johnson did not argue, nor did the circuit court find, that using an appealing deputy's Level 2 Administrator as the management representative directly implicated any property interest or protected right, or that the failure to use the designated administrator interfered with Johnson's procedural due process right to notice and an opportunity to be heard. As a result, we conclude that the circuit court departed from the essential requirements of law in holding that Johnson's procedural due process rights were violated as a result of the failure to follow the technical requirements of General Order 340.
Due process is a flexible concept and requires only that the proceeding affecting protected rights be "essentially fair." See Gilbert v. Homar, 520 U.S. 924, 930, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997) (recognizing that "[i]t is now well established that `due process unlike some legal *947 rules, is not a technical conception with a fixed content unrelated to time, place and circumstances'") (quoting Cafeteria & Rest. Workers Union, Local 473, AFLCIO v. McElroy, 367 U.S. 886, 895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961)).
Based on our conclusion that there was no due process violation in this case, we find that the circuit court departed from the essential requirements of law. Accordingly, the petition for writ of certiorari is granted. The circuit court's decision is quashed to the extent that it finds that Johnson's procedural due process rights were violated by the failure to use the management representative required by the general order. Because of our disposition of this matter, we need not address the other issues raised by Beary.
CERTIORARI GRANTED, ORDER QUASHED IN PART.
SAWAYA, C.J. and, SHARP, W., J., concur.