**PUBLISH**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 95-8557
_____

D. C. Docket No. 1-94-CV-1984-RLV

GEORGE N. UBOH,

Plaintiff-Appellant,

versus

JANET RENO, Head of U. S. Dept. Of Justice and Attorney General of
the United States, ROBERT C. BONNER, Administrator, Drug
Enforcement Admin., JANIS C. GORDON, Assistant U. S. Attorney, MARY
P. GHOLSON, Agent, Drug Enforcement Admin., BRIAN SULLIVAN, Drug
Enforcement Admin., FRANK SMITH, Agent, Drug Enforcement Admin.,
FRANK SMITH, Agent, Drug Enforcement Admin.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(May 18, 1998)**

Before BIRCH, Circuit Judge, RONEY, Senior Circuit Judge, and
O'KELLEY[*], Senior District Judge.

_____

[*]Honorable William C. O'Kelley, Senior U. S. District Judge
for the Northern District of Georgia, sitting by designation.

BIRCH, Circuit Judge:

This case requires that we decide whether a prosecutor's unilateral decision to dismiss some counts of an indictment following a defendant's conviction on other counts of the same indictment constitutes favorable termination for purposes of the defendant's subsequent Bivens[1] action for malicious prosecution. Further, we must determine, in light of the particular facts presented in this case, when the causes of action alleged in the complaint accrued and whether these claims are time-barred. The district court dismissed this case after finding that the plaintiff had failed to file the complaint within the time dictated by the applicable statute of limitations. For the reasons that follow, we reverse and remand for further proceedings.

## I. BACKGROUND

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

For purposes of this appeal, the following facts as alleged in the complaint are undisputed: In 1992, federal agents sought and obtained authorization to wiretap George Uboh's telephone. The application for the wiretap was based in part on affidavits provided by agents of the Drug Enforcement Administration (DEA), indicating Uboh's possible involvement in the importation of heroin and cocaine. Uboh subsequently was indicted, along with nineteen co-defendants, for charges related to credit card fraud. Unlike any of his co-defendants, however, Uboh was also indicted on three counts related to the importation of narcotics. Of the nineteen defendants charged in the indictment, Uboh also was the sole defendant denied bond; specifically, a district court judge denied bond initially on February 20, 1992, and on appeal on May 14, 1992. The federal prosecutor based the request for detention without bond on the drug charges set forth in the indictment.

The district court severed the drug-related charges from those counts of the indictment alleging credit card fraud. On February 1,

1993, a jury convicted Uboh of credit card fraud. On July 20, 1993, the district court granted the government's motion to dismiss the drug charges.

Uboh filed this <u>Bivens</u> action[2] and alleged, <u>inter alia</u>, that DEA agents Mary P. Gholson, Brian Sullivan, and Frank Smith falsified affidavits for Assistant United States Attorney (AUSA) Janis C. Gordon, who knowingly used the false affidavits to obtain authorization for a wiretap on Uboh's telephone. Uboh further alleged that Gordon intentionally sought his indictment on fabricated charges of conspiracy to import and distribute cocaine and heroin, and that the district court denied him bond solely due to Gordon's assertion that Uboh was involved in illegal drug activity.

The defendants moved to dismiss the complaint on the grounds that the claims were time-barred, the federal defendants were entitled either to absolute or qualified immunity, and the allegations

---

[2]Uboh initially filed this action pursuant to 42 U.S.C. §§ 1983 and 1985(3), but later amended the complaint to allege correctly a cause of action within the framework of <u>Bivens</u>.

were insufficient to state a constitutional violation. The district court granted the motion to dismiss exclusively on the basis of the statute of limitations. The court reasoned that the statute of limitations for a <u>Bivens</u> claim was analogous to Georgia's two-year personal injury statute of limitations and that, under our <u>Bivens</u> case law, an action accrued at the time the plaintiff knew or had reason to know of his claims. The court explicitly rejected Uboh's assertion of a malicious prosecution cause of action on the ground that this type of claim arose only under state law. The court further determined that, because Uboh became aware of his claims at the time of his indictment or, at the latest, when his bond was denied on appeal, the statute of limitations barred his claims. Uboh filed a motion for reconsideration and argued that, consistent with the analysis set forth by the Supreme Court in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), his claims did not accrue until the criminal charges against him were dismissed. The district court denied the motion for reconsideration.

On appeal, Uboh argues that, although the district court properly determined that the claims presented are subject to a two-year statute of limitations, the court erroneously failed to treat his allegations as akin to the federal constitutional tort of malicious prosecution and, as a result, erred in determining the date on which the causes of action accrued. The defendants originally asked that we affirm the district court's decision for the reasons discussed in that court's opinion; in a supplemental brief, however, the defendants appear to have shifted gears entirely and argue, instead, that because Uboh has failed to establish the elements of a <u>Bivens</u>, malicious prosecution claim, the general rule regarding the accrual date of a <u>Bivens</u> cause of action should obtain and the claims should be deemed time-barred.[3]

---

[3]The defendants also reassert their arguments regarding absolute and qualified immunity. As discussed further below, because we conclude that the district court erred in dismissing this case on statute of limitations grounds and remand for further proceedings, we decline to address the defendants additional arguments without benefit of the district court's factual determinations.

## II.  DISCUSSION

We independently review the district court's ruling concerning the applicable statute of limitations.  Byrd v. MacPapers, Inc., 961 F.2d 157, 159 (11th Cir. 1992).  Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983; similarly, we have held that the application of the state personal injury statute of limitations period obtains in the context of Bivens actions as well.  See Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996).  It is undisputed in this case that Georgia's two-year personal injury statute of limitations applies to Uboh's constitutional claims.

A statute of limitations begins to run when the cause of action accrues.  Id.  The question of when the limitations period begins to run, however, is one of federal law.  See Wilson v. Garcia, 471 U.S. 261, 268-71, 105 S. Ct. 1938, 1942-44, 85 L. Ed. 2d 254 (1985). Here, the district court construed Uboh's claim of malicious prosecution solely as a state law cause of action and  noted that "the

plaintiff ignores that [sic] fact that he is not suing the defendants for violation of any state law; indeed, Bivens creates a cause of action only for a violation of federally created rights." R1-20 at 3. The district court went on to find that the plaintiff had failed to show that he was unaware of the alleged injury caused by the wiretaps, the indictment, and the denial of bond at the time those events transpired. Consequently, because even the last of those events occurred more than two years prior to the filing of this action, the suit was barred by the statute of limitations. See id.

In the first instance, the district court erred in failing to recognize in Uboh's complaint the assertion of an established, federally-protected constitutional right. Indeed, there has been a remarkable divergence of opinion among the circuit courts as to both the extent to which the claim of malicious prosecution gives rise to a federal cause of action and, assuming that such a claim is cognizable, its constitutional source; our court, however, unequivocally has identified malicious prosecution to be a constitutional tort that is cognizable

under § 1983.[4] In <u>Whiting v. Traylor</u>, 85 F.3d 581 (11th Cir. 1996), for instance, we observed that

> [l]abeling . . . a section 1983 claim as one for a "malicious prosecution" can be a shorthand way of describing a kind of legitimate section 1983 claim; the kind of claim where the plaintiff, as part of the commencement of a criminal proceeding, has been unlawfully and forcibly restrained in violation of the Fourth Amendment and injuries, due to that seizure, follow as the prosecution goes ahead.

---

[4] <u>See</u> <u>Strength v. Hubert</u>, 854 F.2d 421, 426 n.5 (11th Cir. 1988) ("[F]reedom from malicious prosecution is a federal right protected by § 1983. . . ."); <u>Accord</u> <u>Sanders v. English</u>, 950 F.2d 1152, 1159 (5th Cir. 1992) ("[O]ur circuit recognizes causes of action under § 1983 for false arrest, illegal detention (false imprisonment), and malicious prosecution. . . . These causes of action implicate the constitutional guarantees of the fourth and fourteenth amendments.") (internal quotation marks and citation omitted). <u>But see</u> <u>Usher v. Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987) ("[T]he general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy."). In <u>Albright v. Oliver</u>, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (plurality opinion), the Supreme Court altered the analytical framework surrounding the federal claim asserted in this case by deciding that the substantive due process component of the Fourteenth Amendment did not provide the constitutional source of a right to be free from malicious prosecution; significantly, however, the Court explicitly left open the possibility that the Fourth Amendment might serve as an appropriate locus for the claimed right to be free from malicious process. <u>See</u> <u>id.</u>, 510 U.S. at 274-75, 114 S. Ct. at 813-14 ("We have in the past noted the Fourth Amendment's relevance to the deprivations of liberty that go hand in hand with criminal prosecutions."). Consistent with the suggestive reasoning advanced by the Court in <u>Albright</u>, our court has since expressly characterized the right to be free from malicious prosecution as an independent cause of action that potentially is cognizable under the Fourth Amendment.

Id. at 584; accord Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2nd Cir. 1995) ("The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person--i.e., the right to be free of unreasonable or unwarranted restraints on personal liberty.)); Smart v. Board of Trustees of the Univ. of Illinois, 34 F.3d 432, 434 (7th Cir. 1994) ("If malicious prosecution or abuse of process is committed by state actors and results in the arrest or other seizure of the defendant . . . we now know that the defendant's only constitutional remedy is under the Fourth Amendment. . . ."). Preliminary to our discussion of the merits of Uboh's challenge to the district court's final disposition with respect to the statute of limitations, therefore, we note that the district court erred in failing to treat the claims asserted in this case as premised on a theory of malicious prosecution pursuant to the Fourth Amendment; contrary to the district court's stated justification for its

decision, such a cause of action does constitute a cognizable Bivens claim.[5]

Having determined that the complaint presented in this case must be construed as setting forth allegations that comprise a malicious prosecution claim, we next must decide whether the causes of action asserted are barred by the statute of limitations. As noted, the issue of whether the district court properly applied Georgia's two-year statute of limitations regarding personal injury causes of action is undisputed; the contested point, rather, is when Uboh's claims accrued. Uboh argues that, consistent with the jurisprudence of this circuit and the Supreme Court pertaining to malicious prosecution as a federal cause of action, his claims could not have accrued until the charges against him that relate to this case were resolved in his favor.[6] In response, the defendants submit that

---

[5]Although the federal defendants declined to acknowledge the district court's error in either of their appellate briefs, they did concede at oral argument that the court had erred in failing to recognize the existence of a federal right to be free from malicious prosecution.

[6]The drug charges initially brought against Uboh were dismissed on July 21, 1993. Uboh filed this action on July 28,

11

Uboh has failed properly to plead the elements of a cause of action for malicious prosecution; consequently, his claims should be construed not within the context of our decisional law on malicious prosecution but as general, federal claims that are subject to a residual statute of limitations for Bivens actions. Under this theory, because Uboh knew or should have known of the alleged violations simultaneous with their occurrence and because these events undisputedly took place more than two years before the case was filed, the claims are time-barred.

Because the species of Fourth Amendment violation alleged in this case arises by way of analogy to the common law tort of malicious prosecution, courts historically have looked to the common law for guidance as to the constituent elements of the claim. See Whiting, 85 F.3d at 585 n.7 ("Where an arrest is made after the filing of an information and the arrest is the basis of a Fourth Amendment

1994. If Uboh's claims accrued on the date the drug charges were dismissed, the complaint in the instant civil case would have been filed within the applicable two-year statute of limitations established under Georgia law.

12

section 1983 claim, we think the tort of malicious prosecution is the most analogous tort to the section 1983 claim."). See also Hilfirty v. Shipman, 91 F.3d 573, 579 (3rd Cir. 1996) ("In order to state a prima facie case for a section 1983 claim of malicious prosecution, the plaintiff must establish the elements of the common law tort as it has developed over time.") Georgia law provides that:

> [a] criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted shall give him a cause of action.

O.C.G.A. § 51-7-40. Further, in order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused. See Kelly v. Serna, 87 F.3d at 1240-41; Heck v. Humphrey, 512 U.S. 477, 484, 114 S. Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

The government's contention that Uboh has not stated the elements of a claim for malicious prosecution rests on the premise that the prosecutor's decision to dismiss the drug charges at issue here does not constitute a favorable termination of the underlying criminal proceeding.[7] Whether a prosecutor's unilateral decision to dismiss specific counts of an indictment – and the defendant has been convicted on other counts of the same indictment – constitutes termination in favor of the accused for purposes of the constitutional tort of malicious prosecution is an issue of first impression.

The Supreme Court has observed that the requirement of favorable termination in the context of malicious prosecution suits

---

[7]In a supplemental brief, the defendants further aver that Uboh has failed to present probative evidentiary support for the allegation that the defendants instigated the prosecution on drug charges without probable cause. We note, at the outset, that this argument is raised for the first time on appeal and was neither discussed or addressed by the district court. Moreover, we agree with Uboh's response, as set forth in a reply brief, that the government's challenge to the evidentiary basis for the allegations is best reserved for summary judgment. We therefore decline to consider whether, at this point in the proceedings, Uboh has proven the first element of a malicious prosecution claim. We do find, however, that the pro se complaint--which we are required to construe liberally--adequately alleges that the wiretap request and indictment lacked probable cause; stated differently, we conclude that, for purposes of our analysis of the statute of limitations issue, the complaint does not fail to state a claim with regard to the probable cause component of malicious prosecution.

14

prevents parallel litigation over the issues of probable cause and guilt and the possible creation of conflicting resolutions arising out of the same or identical transactions. See Heck, 512 U.S. at 484, 114 S. Ct. at 2371. Courts have further reasoned that "only terminations that indicate that the accused is innocent ought to be considered favorable." Hilfirty, 91 F.3d at 580 (relying on Restatement (Second) of Torts § 660 cmt. a ("Proceedings are 'terminated in favor of the accused' . . . only when their final disposition is such as to indicate the innocence of the accused.")); Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994) (per curiam) (same); Singleton v. City of New York, 632 F.2d 185, 193 (2nd Cir. 1980) (same). Thus, courts have found that withdrawal of criminal charges pursuant to a compromise or agreement does not constitute favorable termination and, thus, cannot support a claim for malicious prosecution. See, e.g., Taylor, 36 F.3d at 455-56 (holding that pretrial diversion agreement, in which accused must acknowledge responsibility for offense conduct, "does not terminate the criminal action in favor of the criminal defendant for

purposes of bringing a malicious prosecution claim."); <u>Laster v. Star Rental, Inc.</u>, 181 Ga. App. 609, 353 S.E.2d 37, 38 (Ga. App. 1987) ("[W]here the termination of the prosecution has been brought about by compromise and agreement of the parties, an action for malicious prosecution can not be maintained.").  Similarly, courts have refused to permit a finding of favorable termination where the stated basis for the dismissal of criminal charges has been "in the interests of justice," <u>see</u> <u>Singer</u>, 63 F.2d at 118; <u>Hygh v. Jacobs</u>, 961 F.2d 359, 368 (2nd Cir. 1992), or where a conviction has been reversed and the cause expressly remanded for retrial, <u>see</u> <u>Brandley v. Keeshan</u>, 64 F.3d 196, 199 (5th Cir. 1995).

Consistent with each of the policies underlying the favorable termination requirement, however, courts have found favorable termination to exist by virtue of an acquittal, an order of dismissal reflecting an affirmative decision not to prosecute, a dismissal based on the running of the statute of limitations,  an entry of a nolle prosequi, and, in some cases, a granted writ of habeas corpus. <u>See,</u>

16

e.g. Hilfirty, 91 F.3d at 584-85 (where court determined that when the grant of nolle prosequi was not the result of a compromise, "grant of nolle prosequi was sufficient to satisfy the requisite element of favorable termination of the criminal action.") (internal quotation marks and citation omitted); Brandley, 64 F.3d at 199 ("Even a prosecutor's failure to act on remand will at some point entitle a defendant to an order of dismissal.").

Here, the unilateral dismissal by the AUSA of drug charges that had been instituted against Uboh transpired in a context slightly different from the "terminations" described in the cases cited above. In this instance, not only were the counts of the indictment that were dismissed originally part of a larger indictment that gave rise to several convictions, but there was no expressed basis for the dismissal; as a result, we cannot ascertain with certainty whether the dismissal constitutes conclusive proof of Uboh's innocence. Actual innocence, however, is not required for a common law favorable termination. Smith v. Holtz, 87 F.3d 108, 113 (3rd Cir. 1996) (citing

Restatement of the Law of Torts §§ 659, 660 (1938). We find nothing in the record to suggest that the prosecutor's request to withdraw all drug charges – in the absence of any agreement or compromise involving Uboh – amounts to anything less than an indication of innocence. Because the drug counts of the indictment were dismissed after Uboh had already been convicted of credit card fraud, thereby disposing of all counts of the indictment, there appears to be little risk that the AUSA intended to renew these charges at a later date; thus, the potential for a renewed prosecution on the same criminal charges that are implicated in an ongoing malicious prosecution action to result in inconsistent, parallel proceedings is not present here. The fact that the allegations concerning drug trafficking were included alongside other charges for which Uboh ultimately was convicted does not alter our conclusion that the prosecutor's decision to dismiss the drug counts constituted favorable termination, particularly under the facts of this case. See Janetka v. Dabe, 892 F.2d 187, 190 (2nd Cir. 1989) (where plaintiff in malicious prosecution

action was convicted on some charges and acquitted on others, court found that acquittal constituted favorable termination.)  Uboh was charged in the indictment with two distinct offenses, drug importation and credit card fraud.  Each of these offenses contains entirely different elements, neither charge is a lesser-included offense of the other, and the charges were not tried as part of the same proceeding; in this context, it is reasonable to interpret the prosecutor's decision to not pursue the drug-related charges as consistent with (though perhaps not dispositive proof of) a finding of innocence on these specific counts of the indictment.[8]

In sum, we conclude that the dismissal of some charges of the indictment by the prosecutor – notwithstanding Uboh's earlier conviction on other charges set forth in the indictment – constituted

---

[8]Our consideration of these factors is not intended to convey any determination as to whether, given a different set of circumstances, dismissal of charges that do arise out of the same set of circumstances as the charges for which a defendant was convicted might constitute termination in favor of the accused.  We only note that the unique combination of factors present in this particular case further bolsters our conclusion that voluntary dismissal of charges by the prosecutor is a favorable termination for purposes of malicious prosecution.

termination in favor of the accused for purposes of our preliminary inquiry into the statute of limitations issue raised in this appeal. It is worth noting that the charges involved in this action were not dismissed pursuant to any agreement among the parties and, under the particular facts of this case, were extraordinarily unlikely to be renewed in a subsequent action. See Laster, 353 S.E. 2d at 38 ("[Favorable] termination may be caused by the voluntary abandonment of the case by the party who instituted the prosecution.").

Having determined that the dismissal of drug charges against Uboh constituted favorable termination against the accused, we resolve that Uboh's claims for malicious prosecution accrued on July 21, 1993, the date on which the district court entered its order of dismissal. See Whiting, 85 F.3d at 585-86 ("[W]here a section 1983 plaintiff is seized following the institution of a prosecution . . . and he seeks to recover damages for all the elements of the prosecution, he can properly wait until the prosecution terminates in his favor to bring

his section 1983 claim which alleges that the seizure was unreasonable.")  Because Uboh filed the instant action on June 6, 1994, less than two years after the claims accrued, the case is not barred by the two-year statute of limitations.  The district court therefore erred in dismissing this case as time-barred.

We further discern that, had Uboh attempted to file the instant action during the statutory period proposed by the defendants, his action would have been barred pursuant to the dictates of Heck v. Humphrey.  In that case, the Supreme Court held that § 1983 actions that necessarily call into question the validity of a conviction or sentence do not accrue until the plaintiff can demonstrate that the conviction or sentence has been reversed, expunged, or otherwise declared invalid by a tribunal authorized to make such a finding.  See Heck at 487, 114 S. Ct. at 2372.  Even assuming, as the defendants argue, that Uboh's complaint does not fall within the confines of a constitutional claim for malicious prosecution, there is little doubt that the allegations of fraud and malice with respect to the wiretap and

indictment would, if proven, call into doubt the validity and justification

of the criminal proceedings that were then pending against Uboh.[9]

In other words, a civil proceeding challenging the grounds on which

the prosecution against Uboh had been commenced indirectly would

implicate the question of Uboh's guilt; this type of parallel inquiry by

way of a civil suit prior to the resolution of a criminal action based on

the same set of events is precisely the quandary that Heck prohibits.

The defendants' suggestion that Uboh should have filed his action at

the time the alleged events giving rise to this action transpired would

have placed Uboh effectively in a double-bind: Had he filed the action

simultaneously when he discovered the defendants' alleged

---

[9]The defendants argument on appeal is, at best, confusing; on the one hand, they submit that Uboh has failed to state a constitutional claim for malicious prosecution under the Fourth Amendment, while on the other hand, they suggest that the claim -- regardless of what type of claim it is -- should be deemed barred by the statute of limitations. First, we wonder to which part of the Constitution the defendants perceive this action to refer. Second, we do not understand the suggestion that, because the plaintiff allegedly has failed to state the requisite elements of the proposed cause of action, we then should regard his Bivens action as asserting some unidentified, residual, federal right and dismiss the case on statute of limitations grounds. If Uboh has failed to state the claim that he proposes he is stating, the case should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6); the claim does not transform automatically into some other indeterminate, unnamed cause of action that is barred by the statute of limitations.

misdeeds, his case would have been dismissed under <u>Heck</u>; had he waited to file the action (as he did) until the criminal proceeding was resolved in his favor, the action would have been dismissed under the statute of limitations. We decline to adopt a construction of either the complaint or the applicable law that permanently would preclude the plaintiff from filing any action at all. Rather, we conclude that the complaint in this case does state a cause of action for malicious prosecution, that the prosecution did terminate in favor of the accused, and that had the action been filed at the time these events accrued -- as proposed by the defendants -- <u>Heck</u> would have barred its continuation.

## III.  CONCLUSION

Uboh asks that we set aside the district court's decision to dismiss this cause of action based on the statute of limitations. In evaluating the propriety of the district court's order, we must decide whether a dismissal of some portions of an indictment following a

defendant's conviction on other charges contained in the same indictment constitutes "favorable termination" for purposes of a subsequent Bivens action for malicious prosecution. We conclude that (1) the district court erred in failing to treat the complaint filed in this case as a claim for the constitutional tort of malicious prosecution under the Fourth Amendment; (2) Uboh's pro se complaint, which we are bound to construe liberally, does state a claim for malicious prosecution; (3) the prosecutor's dismissal of those charges in the indictment underlying the instant action did constitute termination in favor of the accused; (4) the cause of action stated by Uboh accrued at the time the drug charges were dismissed; and (5) regardless of the specific constitutional provision under which the complaint is construed, Heck v. Humphrey dictates that this action could not have been filed prior to the favorable resolution of the drug charges initially included in the indictment. This cause of action, therefore, is not barred by the statute of limitations and may proceed. Because the district court has not yet had an opportunity to address the

24

defendants' claims regarding absolute and qualified immunity, we decline to consider the merits of those arguments and permit the district court to conduct the requisite factual and legal analysis in the first instance.

REVERSED and REMANDED for further proceedings consistent with this opinion.