[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 28, 2005
THOMAS  K. KAHN
CLERK

_____

No. 05-12975
Non-Argument Calendar

_____

D. C. Docket No. 05-60004-CV-JIC

TARIKU H. KEIRA,

Plaintiff-Appellant,

versus

UNITED STATES POSTAL INSPECTION SERVICE,
by serving Lee R. Heath Departmental Agency Head,
ROSARIO PRIOLO, Special Agent,
JOHNNY L. MCRAY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 28, 2005)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Tariku Keira, on behalf of himself and his family, appeals, <u>pro se</u>, the dismissal of his complaint against the United States Postal Inspection Service, Special Agent Rosario Priolo, and Johnny L. McRay as untimely. Read liberally, Keira's complaint alleged violations of the Fourth Amendment, under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671. Because the claims raised by Keira are barred by the statute of limitations, we affirm the dismissal.

We review <u>de novo</u> the grant of a motion to dismiss. <u>Doe v. Pryor</u>, 344 F.3d 1282, 1284 (11th Cir. 2003). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." <u>Grossman v. Nationsbank, N.A.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotation marks and citation omitted). "Dismissal . . . on statute of limitations grounds is appropriate . . . if it is apparent from the face of the complaint that the claim is time-barred." <u>Tello v. Dean Writter Reynolds, Inc.</u>, 410 F.3d 1275, 1288 (11th Cir. 2005) (internal quotation marks and citation omitted). "At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a

statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." Id. at 1288 n.13 (internal quotation marks and citation omitted).

Keira's complaint is time-barred. Both claims asserted in the complaint are based on an alleged warrantless search of Keira's residence that occurred on February 4, 2000. We address each claim separately.

The limitations period for Keira's claim under the FTCA elapsed more than two years before the filing of his complaint. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). An action under the FTCA accrues when the plaintiff is aware of his injury and its cause. See United States v. Kubrick, 444 U.S. 111, 123-24, 100 S. Ct. 352, 358-60 (1979). To preserve his claim, a plaintiff "must first present the claim to the appropriate federal agency and wait for the agency to finally deny it." Burchfield v. United States, 168 F.3d 1252, 1254 (11th Cir. 1999). The district court has jurisdiction over a claim under the FTCA only if the plaintiff has first applied to the appropriate agency and been denied. Id. at 1254-55. Construed liberally, Keira filed an administrative claim on December 23, 2004, and filed his complaint in the district court on January 3, 2005. His claim under the FTCA is,

3

therefore, time barred, and the district court did not have jurisdiction to consider it.

Keira's <u>Bivens</u> claim is also barred by the statute of limitations. The statute of limitations for a <u>Bivens</u> action is taken from the most analogous limitations statute of the state in which the district court sits. See <u>Uboh v. Reno</u>, 141 F.3d 1000, 1002 (11th Cir. 1998). The action accrues when the plaintiff knows or has reason to know of his injury and who inflicted it. See <u>Pilkington v. United Airlines</u>, 112 F.3d 1532, 1535 (11th Cir. 1997). The applicable statute of limitations in Florida is four years. Fla. Stat. Ann. § 95.11(3). Keira filed his complaint on January 3, 2005, almost one year after the statute of limitations had run. The <u>Bivens</u> claims, therefore, was time barred.

Keira argues that he did not become aware of the unlawful activity until September 28, 2004, and, therefore, the complaint should be considered timely. This argument is meritless. The record, unequivocally shows that Keira was aware of the facts underlying his complaint as early as April 2000. The dismissal is

**AFFIRMED**.

4