[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 06-16269
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 12, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-02440-CV-JTC-1

STEVEN D. SIMON,

Plaintiff-Appellant,

versus

CITY OF ATLANTA, GA,
SHIRLEY FRANKLIN,
Mayor of the City of Atlanta,
ATLANTA CITY COUNCIL,
PENNY BROWN REYNOLDS,
NIKI MCDONALD, et al.,

Defendants-Appellees.

-----------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

-----------------------------------------

**(December 12, 2007)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Steven Simon, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). No reversible error has been shown; we affirm.

In September 2006, Simon filed a complaint alleging many civil rights violations resulting from his August 2001 arrest in Atlanta, Georgia. The district court dismissed Simon's complaint as frivolous because the complaint was filed well beyond the two-year statute of limitations for section 1983 claims arising from events that occurred in Georgia.

We review a district court's dismissal of a claim as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "[B]ecause district judges remain more familiar with and are more experienced to recognize potentially frivolous claims . . . [a] determination of frivolity is best left to the district court." Id. "A claim is frivolous if it is without arguable merit either in law or fact." Id.

Section 1983 claims are governed by the forum state's general personal injury statute of limitations, see Owens v. Okure, 109 S.Ct. 573, 574 (1989); and in Georgia, the statute of limitations is two years. Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998). In this case, Simon's complaint was filed approximately

five years after the August 2001 events giving rise to his claims. Therefore, the

district court did not abuse its discretion in determining that Simon's complaint

was frivolous because it was barred by the two-year statute of limitations.[*]

     AFFIRMED.

---

[*]To the extent that Simon argues that his claims are not barred because the statute of limitations should be tolled while his <u>ante</u> <u>litem</u> notice -- which Simon claims was filed with the City of Atlanta in December 2001 -- was pending, we reject this argument. According to Simon, the City of Atlanta responded to his <u>ante</u> <u>litem</u> notice in March 2003 by denying his claim. Simon also contends that the Department of Corrections reached a similar conclusion in May 2003. Even if we were to assume that the statute of limitations was tolled until 2003, Simon's complaint -- which was filed in September 2006 -- was still filed beyond the two-year limitations period.