[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-------------------------------------------

No. 07-15526
Non-Argument Calendar

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00150-CV-BAE-6

ISAIAH JORDAN,
DOROTHY JORDAN,

Plaintiffs-Appellants,

versus

TOMMY MOSLEY, individually and in his
official capacity as an officer of the Screven
County Sheriff's Department,

Defendant-Appellee.

-------------------------------------------

Appeal from the United States District Court
for the Southern District of Georgia

-------------------------------------------

(August 28, 2008)

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Isaiah Jordan appeals the district court's grant of

summary judgment in favor of Defendants Tommy Mosley, chief jailer at the

Screven County Sheriff's Department, and Mike Kile, Screven County Sheriff, on his 42 U.S.C. § 1983 claims. No reversible error has been shown; we affirm.

This case was before us in a previous interlocutory appeal by Mosley on the denial of qualified immunity. The facts about the underlying dispute are recited in our prior opinion. See Jordan v. Mosley, 487 F.3d 1350 (11th Cir. 2007). To summarize briefly, Jordan was arrested after damaging a backhoe that Mosley had rented to dig a pond on Mosley's property.[1] Jordan refused to pay for the damage to the backhoe, and Mosley urged another deputy at the Screven County Sheriff's Department to take out a warrant for Jordan's arrest. The warrant alleged a violation of O.C.G.A. § 16-7-23(a)(1): criminal damage to property in the second degree. Jordan was arrested on the warrant in Richmond County and later transferred to the Screven County Jail. Jordan's wife posted bail for him, the amount of which included restitution for the damage caused to the backhoe and other fees. The charges were dropped, and Jordan was released.

Jordan filed a section 1983 complaint, raising the following claims: (1) he was unreasonably seized without probable cause in violation of the Fourth Amendment; (2) Defendants extorted bail money from him and his wife,

---

[1]Mosley's wife is Jordan's niece. The Jordans were visiting their niece when the incident happened.

unlawfully depriving them of property in violation of the Fifth and Fourteenth Amendments; (3) Defendants caused him and his wife to be deprived of familial relationships without due process in violation of the Fifth and Fourteenth Amendments; (4) Defendants arrested him in retaliation for Jordan's protected speech and denied him a jury trial in violation of the First, Sixth, and Seventh Amendments; (5) he was falsely arrested and maliciously prosecuted in violation of state law; and (6) Defendants maliciously used the criminal process to extort money from him by imprisoning him.[2] In response to Defendants' summary judgment motion, Jordan explained that his constitutional claim about extortion of bail subsumed his claim for First, Sixth, and Seventh Amendment violations and more properly was labeled a constitutional abuse of process claim, brought pursuant to the Due Process Clause of the Fourteenth Amendment.

The district court determined that Jordan raised a fact issue on his Fourth Amendment claim about Mosley and that Mosley was unentitled to qualified immunity. Mosley appealed and we reversed, concluding that probable cause existed for Jordan's arrest: no Fourth Amendment violation occurred, and Mosley was entitled to qualified immunity. Jordan, 487 F.3d at 1355-57. The district

---

[2]Jordan also claimed that Defendants were deliberately indifferent to his serious medical needs; but because he does not argue this claim on appeal, it is abandoned. See Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001) (explaining that issues not briefed on appeal are abandoned).

court granted summary judgment to Defendants on Jordan's remaining claims. In pertinent part, the district court refused to recognize a constitutional abuse of process claim under section 1983, determining that Jordan's claims stemmed from his arrest and, thus, more properly were analyzed under the Fourth Amendment. The district court determined that Jordan's malicious use of criminal process claim mirrored his constitutional abuse of process claim and also was not recognized under state law.[3]

Jordan chiefly contends on appeal that the district court erred in failing to recognize his Fourteenth Amendment abuse of process claim.[4] We review a district court's grant of summary judgment de novo; and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999).

The first task in a section 1983 suit is "to isolate the precise constitutional violation with which [defendant] is charged." Baker v. McCollan, 99 S.Ct. 2689,

---

[3]Defendants did not move for summary judgment on Jordan's state law claims, and the district court declined to exercise supplemental jurisdiction over these claims.

[4]Throughout this litigation, it has been difficult to discern Jordan's precise claims. We agree with the district court that Jordan employed a "scatter-shot" approach to this case, raising many claims but offering "scant" support for them; we commend the district court for sorting through all the claims. See Morro v. City of Birmingham, 117 F.3d 508, 515 (11th Cir. 1997) (explaining that "[t]he use of shotgun pleadings in civil cases is a ubiquitous problem," and "it is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues before trial") (internal quotation omitted).

2692 (1979).  If an Amendment provides an explicit textual source of constitutional protection against the sort of conduct complained of, that Amendment -- not the more generalized notion of substantive due process under the Fourteenth Amendment -- is the guide for analyzing the claim.  See Graham v. Connor, 109 S.Ct. 1865, 1870-71 (1989) (in the context of an excessive force claim).  For example, in Albright v. Oliver, 114 S.Ct. 807 (1994), the Supreme Court refused to recognize a substantive due process right under the Fourteenth Amendment to be free from criminal prosecution except upon probable cause; the Court determined that such a claim must be analyzed under the Fourth Amendment.  Id. at 813.

We discern no error in the district court's refusal to recognize Jordan's ill-defined constitutional abuse of process claim.  In his complaint, Jordan premised his claims on his alleged unlawful arrest:  all of his allegations flowed from this arrest.  Under the logic of Graham and Albright, the district court correctly determined that Jordan's claims should be analyzed under the Fourth Amendment, not the Due Process Clause of the Fourteenth Amendment.  See id. (explaining that "the Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it").

5

While we have recognized that malicious prosecution can rise to a constitutional tort cognizable under section 1983, we also have recognized that, in the light of Albright, it is an independent cause of action that potentially is cognizable under the Fourth Amendment. See Uboh v. Reno, 141 F.3d 1000, 1002-03 n.4 (11th Cir. 1998) (if malicious prosecution or abuse of process is committed by state actors and results in the arrest or other seizure of defendant, the defendant's only remedy is under the Fourth Amendment) (citing Smart v. Bd. of Trustees, 34 F.3d 432 (7th Cir. 1994)). So, even if abuse of process could be a cognizable tort under section 1983, proper analysis would be under the Fourth Amendment. As we previously determined, no Fourth Amendment violation occurred here because probable cause existed for Jordan's arrest.

Jordan faults the district court for analyzing his First, Sixth, and Seventh Amendment claims separately instead of as part of his larger abuse of process claim.[5] But if a more specific constitutional provision applies, then Jordan cannot resort to substantive due process. See Graham, 109 S.Ct. at 1870-71. Here, he alleged violations of specific Amendments.

---

[5]Jordan also cites the Fifth Amendment; but as the district court correctly determined, the Fifth Amendment applies only to Federal, not state, acts. See Knoetze v. U.S. Dep't of State, 634 F.2d 207, 211 (5th Cir. 1981) (Fifth Amendment protection extends to all persons within the United States, but attaches only when the federal government seeks to deny a liberty or property interest).

Jordan also argues that the district court erred in concluding that Georgia does not recognize a tort for abuse of process. But that the district court noted Georgia does not recognize an abuse of process cause of action was not determinative of the constitutional issue. And whether Georgia recognizes such a claim under state law is unimportant because, once the federal claims were litigated out of Jordan's case, the district court declined to exercise supplemental jurisdiction over Jordan's remaining state law claims. Jordan does not challenge this decision; nor do we discern error in it. See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (the decision whether to exercise supplemental jurisdiction is within the discretion of the district court and we have "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial").[6]

AFFIRMED.[7]

---

[6]Jordan's original claim for malicious abuse of the criminal process contained no statutory citation in his complaint; nor did he explain the basis of this claim in his response to summary judgment. Jordan argues for the first time in his reply brief that this claim is for a violation of O.C.G.A. § 17-6-1, about bailable offenses. We will not consider this claim. See United States v. Whitesell, 314 F.3d 1251, 1256 (11th Cir. 2002).

[7]We have reviewed Jordan's remaining appellate arguments and conclude that no reversible error has been shown.