[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15422
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-02653-CV-ODE-1

GREGORY C. KAPORDELIS,
as individual and as owner of
Kapordelis Management Systems, Inc.,

Plaintiff-Appellant,

versus

AARON M. DANZIG,
WILLIAM L. MCKINNON, JR,
ROBERT C. MCBURNEY,
E. VAUGHN DUNNIGAN,
CORY BRANT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 19, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Gregory C. Kapordelis, a federal prisoner proceeding pro se, appeals from the district court's dismissal of his Bivens civil action against several federal prosecutors and Immigration and Customs Enforcement agents who had been involved in his criminal case. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). Kapordelis, an anesthesiologist, was arrested at the airport in New York and initially charged with traveling in foreign commerce to have sex with a minor, based on complaints that he had drugged and molested underage boys in Russia. ICE agents obtained a warrant and searched his home in Gainesville, Georgia, and found numerous images and videos of child pornography on his computers. Kapordelis had produced some of this material himself, taking sexually explicit pictures of his eleven-year-old cousin while the boy slept, and also of a fourteen-year-old patient whom he had drugged. Charges related to the Russian allegations were later dropped, and Kapordelis was tried and convicted only on the child pornography counts. We affirmed his conviction and 35-year sentence on direct appeal. United States v. Kapordelis, 569 F.3d 1291, 1319 (11th Cir. 2009).

In this Bivens action, Kapordelis argues that the government acted

2

maliciously and without probable cause in arresting him, obtaining the search warrant, and indicting him on the Russian charges, even though it supposedly knew that the information it obtained from Russian authorities and witnesses was unreliable. Kapordelis filed this action in the Eastern District of New York, which sua sponte transferred the case to the Northern District of Georgia, the court in which the criminal prosecution had taken place. That court, in turn, dismissed his Bivens claim as barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). Kapordelis appeals both the transfer and the dismissal.

I.

We review a district court's decision to dismiss or transfer a case for improper venue for abuse of discretion. See Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc., 432 F.3d 1343, 1345 (11th Cir. 2005). When the defendants do not all reside in the same state, venue is proper in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). In some cases, venue will be proper in more than one district. Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003). "Only the events that directly give rise to a claim are relevant." Id. Events that lack a close nexus with the cause of action are irrelevant. Id. at 1372–73. If a case is filed in the wrong district, the court must dismiss the case, or, in the interests of

3

justice, transfer the case to any district in which it could have been brought. 28 U.S.C. § 1406(a).

By transferring the case pursuant to § 1406(a), the New York court implicitly found that venue was improper in New York. We agree with that conclusion. Kapordelis was prosecuted and convicted in the Northern District of Georgia, and the search warrant that led to the discovery of the child pornography was obtained from a magistrate judge in that district and executed at his home there. If ICE agents acted improperly in investigating the Russian allegations, they did so in Russia, not in New York. Only three events occurred in New York: his initial interview with ICE agents at the airport, his arrest there, and a four-day detention before he posted bond and returned to Georgia. The arrest and detention do not "give rise" to the claims in Kapordelis's complaint that the government maliciously investigated his case, fabricated evidence, and fraudulently presented that evidence to the grand jury. The interview has relevance to those claims, but it is not, standing alone, a "substantial" part of the events giving rise to them when viewed alongside everything else that happened in Georgia and overseas. Furthermore, even if venue could have been established in New York, transfer to the Northern District of Georgia—where most of the defendants reside and where the court is already familiar with the facts underlying the claim—was appropriate

4

for the convenience of parties and witnesses and in the interest of justice.  See 28 U.S.C. § 1404(a).

## II.

We review de novo a district court's decision to dismiss a prisoner's civil claim under 28 U.S.C. § 1915A, taking the allegations in the complaint as true. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).  Section 1915A of the Prison Litigation Reform Act requires a district court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  Id. § 1915A(a).  The court must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  Id. § 1915A(b)(1). Kapordelis's complaint, a thinly disguised attempt to resurrect issues that were thoroughly litigated and resolved against him in his criminal case, is all three.

A prisoner's non-habeas civil action is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), if "success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81–82, 125 S.Ct. 1242, 1248 (2005); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that Heck applies equally to Bivens actions by federal prisoners).  Kapordelis's Bivens action for malicious prosecution is barred

5

from the outset if the direct or indirect effect of success on that claim would be to call into question the validity of his conviction and sentence. See Harden v. Pataki, 320 F.3d 1289, 1295 (11th Cir. 2003). Kapordelis argues that he is not directly attacking his convictions and sentences for child pornography. Instead, he says he is only challenging the government's actions pertaining to other counts of child molestation which were ultimately dismissed. He contends that this Court's decision in Uboh v. Reno, 141 F.3d 1000 (11th Cir. 1998), allows him to proceed with a malicious prosecution claim based on the dismissed counts even though he was convicted on other counts. In Uboh, the defendant was indicted on drug charges, which were later dismissed by the government, and was ultimately convicted for credit card fraud. Id. at 1001. Uboh brought a Bivens action alleging that the government knowingly used false evidence to obtain a wiretap and prosecute him on the drug charges. Id. We allowed his malicious prosecution claim to proceed because the drug charges were terminated in his favor, and the counts on which he was convicted were entirely different offenses that were tried in a separate proceeding. Id. at 1005–06. Uboh is distinguishable because it did not present a Heck issue. The convictions for credit card fraud did not depend on evidence obtained by the government's allegedly improper actions during its drug investigation, so success on a Bivens claim based on those actions would not have

6

called Uboh's convictions into question. See id.

Here, by contrast, the initial allegations of child abuse in Russia were the foundation for the search warrant which led to the discovery of the child pornography in Georgia. Kapordelis's complaints about the government's conduct are the same that he made at great length in his criminal case—that the government acted maliciously because it knew that the information from Russia was unreliable and therefore was aware that it lacked probable cause for the arrest warrant, the search warrant, and the subsequent grand jury indictment. On direct appeal, we rejected that argument with regard to the search warrant, and concluded that the government had established probable cause for it. Kapordelis, 569 F.3d at 1311–12. The evidence offered by the government to support the arrest warrant and the indictment was essentially the same as what it offered for the search warrant. Success in this Bivens action would necessarily imply the invalidity of the search warrant and therefore of the resulting child pornography convictions. Accordingly, we affirm the dismissal of Kapordelis's complaint as Heck-barred. See Harden, 320 F.3d at 1295.

**AFFIRMED.**