[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12146

_____

D.C. Docket No. 1:13-cv-03567-TWT

TIMOTHY WILLIAMS,
DIOSIA WILLIAMS,

Plaintiffs - Appellants,

versus

DAVID SCOTT, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 21, 2017)

Before TJOFLAT, ROSENBAUM, Circuit Judges, and GOLDBERG, Judge.[*]

TJOFLAT, Circuit Judge:

---

[*] Honorable Richard W. Goldberg, Senior Judge for the U.S. Court of International Trade, sitting by designation.

The plaintiffs brought this malicious prosecution action under 42 U.S.C. § 1983 against a sheriff's deputy[1] of Cobb County, Georgia after Cobb County Assistant District Attorney recommended that the arrest warrant for plaintiff Timothy Williams be dismissed.  This case comes before us on appeal from the District Court's order granting the deputy's, P.D. Chesney's, motion for summary judgment on grounds that Deputy Chesney had qualified immunity because he had arguable probable cause to seek a warrant for the Mr. Williams's arrest.  We affirm on the grounds that the evidence taken in the light most favorable to the plaintiffs showed that Deputy Chesney did not act with malice and we do not reach the issue of qualified immunity.

I.

The prosecution of which the plaintiffs complain was brought by the Cobb County District Attorney's Office after Deputy Chesney obtained a warrant for Mr. Williams's arrest.  Mr. Williams was arrested on June 9, 2011 and Deputy Chesney subsequently swore out the warrant before a Cobb County magistrate that same day.  The warrant charged Mr. Williams with three crimes: (1) identity fraud, (2) making terroristic threats, and (3) possession of a firearm by a convicted felon.

---

[1] In addition, the plaintiffs sued the Cobb County District Attorney's Office; Cobb County Sheriff's Office; the Cobb County District Attorney; the Assistant District Attorney responsible for Mr. Williams's prosecution; the Cobb County Sheriff; and U.S. Congressman David Scott.  As the order on Deputy Chesney's Motion is all that is before us on appeal, we will only be referring to the plaintiffs' claims against the deputy.

2

Deputy Chesney sought the warrant after his supervisor agreed that there was probable cause for the charges, and after the Sheriff's Office consulted with Assistant District Attorney Jesse Evans.  In his initial appearance before a magistrate, Mr. Williams was denied bail and remanded to jail.  On July 29, 2011, a preliminary hearing—at which Mr. Williams was represented by counsel—was held before a different magistrate to determine whether there was probable cause to keep Mr. Williams under arrest, and whether to admit him to bail.  At the hearing, Mr. Williams conceded probable cause and the state consented to admit him to bail under a bond.  The Assistant District Attorney prosecuting the case, Kimberly Schwartz, determined that there was not sufficient evidence to pursue the case, and, upon her recommendation, the arrest warrant was dismissed on December 31, 2012.

## II.

We review district court orders granting or denying summary judgment de novo.  *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006).  A district court must grant summary judgment when the movant shows that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  This decision is based on the evidence viewed in the light most favorable to the nonmoving party.  *Holloman*, 443 F.3d at 836.

3

Malicious prosecution is a constitutional tort cognizable under § 1983 for violations of an individual's Fourth Amendment rights. *Uboh v. Reno*, 141 F.3d 1000, 1002–03 (11th Cir. 1998). The elements of malicious prosecution, drawn from both federal and Georgia law, include "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood v. Kesler*, 323 F.3d 872, 881–82 (11th Cir. 2003). "A police officer who applies for an arrest warrant can be liable for malicious prosecution if he should have known that his application failed to establish probable cause or if he made statements or omissions in his application that were material and perjurious or recklessly false." *Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016) (internal quotations omitted) (citations omitted). On the other hand, that the prosecutor likewise believed there to be probable cause is strong evidence that the defendant officer did not act with the requisite malice. *See Marshall v. Browning*, 712 S.E.2d 71, 74 (Ga. Ct. App. 2011) (finding a lack of actual malice where the police officer sought an arrest warrant in consultation with a district attorney).

In this case, there is no genuine issue of material fact as to the question of malice. The uncontradicted evidence, interpreted in the light most favorable to the plaintiffs, clearly shows that Deputy Chesney lacked malice in obtaining the arrest

warrant against Mr. Williams for the charge of possession of a firearm by a convicted felon, and was therefore entitled to judgment as a matter of law. Deputy Chesney did not make the decision to seek the arrest warrant in a vacuum—it was done in consultation with his supervising officer and with the District Attorney's Office. Moreover, Assistant District Attorney Schwartz had the full investigative file for almost a year and a half before she determined that there was not enough evidence to pursue the charges. The involvement of his supervising officer and, crucially, the District Attorney's Office clearly demonstrates that Deputy Chesney was not in a position where he should have known that he lacked probable cause to obtain the warrant, and, therefore, that he lacked malice. *Wigington*, 811 F.3d at 1267; *Marshall*, 712 S.E.2d at 74. To infer that Deputy Chesney acted with malice would be to find a mass dereliction of constitutional duty or a far reaching conspiracy amongst officers of the Cobb County Sheriffs' Office and the Cobb County District Attorney's Office's, beginning before the warrant was obtained and continuing almost a year and a half thereafter. There is absolutely no evidence to support such a conclusion, so we therefore affirm the District Court's order of summary judgment.

**AFFIRM.**