[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10464
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-00607-CG-B

DAVID P. PETERSEN, I,

Plaintiff - Appellant,

versus

ADAM W. OVERSTREET,
Esq.- was AUSDA now with private practice,
GREGORY A. BORDENKIRCHER,
Esq.- Was AUSDA now with Alabama Securities Commission, et. al.,

Defendants - Appellees,

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 1, 2020)

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

David Petersen ("Petersen"), a Nebraska resident proceeding *pro se* and *in forma pauperis*, appeals from the dismissal with prejudice of his *Bivens*[1] action.  In support of the dismissal, the district court made the following two findings: first, that Petersen's claims are barred because his conviction has not been invalidated; and second, that Petersen's claims are time-barred under Alabama law.  Petersen appeals only the second finding and argues that the district court should have applied Nebraska law, under which, Petersen asserts, his claims are not time-barred and the dismissal therefore should be without prejudice.

## I.    FACTUAL AND PROCEDURAL HISTORY

Petersen's *Bivens* claims arise out of his 2013 conviction for securities and wire fraud.  Petersen was convicted after a jury trial in the U.S. District Court for the Southern District of Alabama and sentenced to sixty months' imprisonment.  We affirmed the conviction and sentence on direct appeal.  *United States v. Sencan*, 629 F. App'x 884, 889–93 (11th Cir. 2015).

On July 18, 2019, Petersen filed a complaint in the U.S. District Court for the District of Nebraska against eleven federal officials in their individual capacities.  Petersen asserted *Bivens* claims for violation of his constitutional and other rights during his prosecution.  The district court found that Nebraska was not a proper

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2

venue because all of the alleged events giving rise to Petersen's claims occurred in Alabama, and transferred the case to the Southern District of Alabama.

After the transfer, a magistrate judge granted Petersen leave to proceed *in forma pauperis* and ordered him to file an amended complaint. Petersen's amended complaint asserted, among other things, that the government elicited grand jury testimony it knew to be false from agents who were committing perjury, withheld exculpatory evidence at trial and committed perjury to keep that evidence withheld, and fraudulently obtained a waiver of Petersen's right to a speedy trial.

The magistrate judge reviewed the amended complaint under 28 U.S.C. § 1915(e)(2)(B) and issued a report and recommendation that the complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted. The magistrate judge stated that judgment in favor of Petersen on his *Bivens* claims would necessarily implicate the validity of his conviction. Because the conviction had not been invalidated, Petersen's claims were not ripe and therefore barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Abella v. Rubino*, 63 F.3d 1063 (11th Cir. 1995).

Although cases barred by *Heck* and *Abella* are typically dismissed without prejudice, the magistrate judge recommended that Petersen's case be dismissed with prejudice because it was time-barred. Petersen's complaint asserted that his claims arose out of misconduct that occurred "from June 2012 to the present," but the

magistrate judge found that the alleged misconduct "all relat[ed] directly to the investigation, trial, and Petersen's conviction in 2013."

Petersen objected to the report and recommendation. Among other objections, he argued that the case should be dismissed without prejudice because it was unripe and that the statute of limitations should have been tolled during his incarceration. The district court overruled Petersen's objections and adopted the report and recommendation. Specifically, the district court found that Petersen's claims would be dismissed with prejudice because Alabama no longer tolls statutes of limitations during incarceration. This appeal ensued.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). We further review a district court's interpretation and application of statutes of limitations, as well as questions of ripeness, *de novo*. *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006); *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006).

## III.    DISCUSSION

On appeal, Petersen does not challenge the district court's finding that his claims are barred by *Heck* and *Abella*. Instead, his sole argument is that because he is a Nebraska resident, the district court should have applied Nebraska law, which

4

according to Petersen, tolls claims during incarceration, thereby making his suit timely. *Compare* Ala. Code § 6-2-8, *with* Neb. Rev. Stat. § 25-213. *But see Gordon v. Connell*, 545 N.W.2d 722, 726 (Neb. 1996) (indicating that "a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment").[2]  Petersen argues that the dismissal in this case therefore should have been without prejudice.

A state's personal injury statute of limitations applies in the context of *Bivens* actions. *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996). A statute of limitations begins to run, however, when the cause of action accrues, and when that occurs is a question of federal law. *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998). If a claim is not ripe, the district court lacks subject-matter jurisdiction, and the claim should be dismissed without prejudice. *Ga. Advocacy Office, Inc. v. Camp*, 172 F.3d 1294, 1299 (11th Cir. 1999).

In *Heck*, the Supreme Court held that a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not "accrue until the conviction or sentence has been invalidated. 512 U.S. at 489–90 (1994). This Court subsequently held that the rule established in *Heck* applies to *Bivens* damages

---

[2] As discussed below, we need not decide whether Petersen's claims would be tolled under Nebraska law, because the claims have yet to accrue.

5

claims.  *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).  Therefore, *Bivens* damages claims that necessarily imply the invalidity of a plaintiff's convictions are not ripe when they are brought before the convictions are invalidated.  *Id.* at 1065 n.3 (affirming district court's dismissal "on ripeness grounds").

Following *Heck* and *Abella*, in *Uboh* this Court reversed a district court's ruling that the plaintiff's *Bivens* claim for malicious prosecution was time-barred.  141 F.3d at 1007.  As explained in *Uboh*, "in order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused."  *Id.* at 1004.  A plaintiff's claims accrue, and the statute of limitations starts to run, on the date that favorable termination occurs.  *Id.* at 1006.  To hold otherwise would place the plaintiff "in a double-bind," where his claim would expire before he could meet *Heck*'s requirement of favorable termination.  *Id.* at 1006–07.

The same is true here.  The district court's first finding that Petersen's claims are barred by *Heck* and *Abella* is necessarily in conflict with its second finding that Petersen's claims are time-barred.  Under *Heck*, *Abella*, and *Uboh*, Petersen's claims have yet to accrue, and therefore the statute of limitations has not started to run.  *See Abella*, 63 F.3d at 1066; *Uboh*, 141 F.3d at 1006.  Because Petersen's claims are unripe, the complaint must be dismissed without prejudice.  We therefore need not

6

decide which state's tolling rules apply, nor whether Petersen's claims would be tolled under either state's rules, since under federal law Petersen's claims have not yet accrued.  If Petersen's conviction or sentence is overturned or expunged, only then will his *Bivens* claims ripen and the statute of limitations clock start to run.  If that occurs, Petersen is free to file another complaint asserting the same claims.

Accordingly, we affirm the dismissal of Petersen's complaint, but vacate the order of dismissal and remand with instructions for the district court to dismiss the complaint without prejudice.

**AFFIRMED IN PART, VACATED, AND REMANDED WITH INSTRUCTIONS.**