[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15580
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-00525-HES-PDB

EMILY HOFFMAN,
SCOTT VADEN,

Plaintiffs - Appellants,

versus

RICK BESELER,
in his official capacity as Sheriff of Clay County, Florida,
WILLIAM ROBERTS,
in his official capacity as agent/employee of Clay County Sheriff's Office,
LIUTENANT DAN MAHLA,
in his official capacity as agent/employee of Clay County Sheriff's Office,
G.L. EHRENFELD,
in his official capacity as agent/employee of Clay County Sheriff's Office,
RESERVE DEPUTY FRED WEBER,
in his official capacity as agent/employee of Clay County Sheriff's Office,
et al.,

Defendants - Appellees.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 14, 2019)

Before MARCUS, WILSON, and BRANCH, Circuit Judges.

PER CURIAM:

Appellants Emily Hoffman and Scott Vaden appeal the district court's final order dismissing their Third Amended Complaint ("the Complaint"),[1] filed against the Sheriff of Clay County, Florida, Rick Beseler, and various employees in his office. The Complaint leveled a series of civil rights claims pursuant to § 1983, all arising from a fraud investigation by the Sheriff's Office into the Appellants' actions at a local company. On appeal, the Appellants argue that the district court erred by dismissing Counts 1–4 and 8 -- alleging Fourth Amendment, false arrest, and malicious prosecution claims -- but the Appellants do not challenge the dismissal of their remaining claims.[2] After thorough review, we affirm.

The relevant facts, as alleged in the Complaint, are these. In early 2012, the Clay County Sheriff's Office began investigating a report that Hoffman had embezzled money from a local business called Air Technology. The investigation was transferred to the financial crimes unit, where Detective William Roberts took over the case. On February 17, 2012, as a part of the investigation, Roberts froze

---

[1] The title "Third Amended Complaint" is somewhat erroneous -- it appears that this is the first amended complaint document that was actually filed by the Appellants.

[2] The Appellants' brief does not appear to address their federal conspiracy claims (Counts 5 and 6), their state law defamation claims (Count 7), or their intentional infliction of emotional distress claims (Count 9). By not "plainly and prominently" raising these issues in their opening brief, the Appellants have abandoned them. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014).

Appellants' bank account at a local bank branch, and requested the Appellants' bank records, all without a subpoena. Both Hoffman and Vaden were denied access to their bank accounts later that same day, and contacted Roberts about the freeze. After February 21, 2012, Roberts began the subpoena process for the Appellants' bank records, despite already having the records.

On May 4, 2012, the Clay County Sherriff's Office arrested Hoffman and charged her with schemes to defraud, and grand theft.[3] Later, the State Attorney, not the Clay County Sheriff's office, issued warrants for the arrest of Hoffman and Vaden on a charge of witness tampering. Both witness tampering charges were later dropped by the State Attorney. Hoffman's Clay County criminal case was pending until August 2015, when she pled no contest to a misdemeanor, lesser included offense as a part of an agreement with the prosecutor.

In 2016, the Appellants filed the instant case in the United States District Court for the Middle District of Florida. Thereafter, different groups of the defendants moved to dismiss the Complaint for many reasons, and the district court ultimately dismissed it in full. The district court denied the Appellants' motion for reconsideration of the dismissal order, and this timely appeal ensues.

"We review a district court's grant of a motion to dismiss with prejudice de novo, 'accepting the [factual] allegations in the complaint as true and construing

---

[3] Another individual involved with Air Technology, Sam Pollak, was also charged and arrested along with Hoffman, but Pollak is not a part of this appeal.

them in the light most favorable to the plaintiff.'" Boyd v. Warden, Holman Correctional Facility, 856 F.3d 853, 863–64 (11th Cir. 2017) (quoting Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

First, we are unpersuaded by the Appellants' claim that the district court erred in dismissing Count 1 -- a § 1983 claim against Appellees Roberts, Barnes, Mahla, and Beseler for an alleged violation of Appellants' Fourth Amendment rights -- on statute-of-limitations grounds. To sustain a § 1983 claim, a plaintiff must prove that an act or omission of a person acting under the color of law violated some right, privilege, or immunity guaranteed by the Constitution or established federal law. E.g., Dollar v. Haralson Cty., 704 F.2d 1540, 1542–43. In United States v. Miller, 425 U.S. 435 (1976), the Supreme Court held that individuals do not have a Fourth Amendment expectation of privacy in information they have revealed to a third party, which includes bank records. Id. at 443–44.

Constitutional claims brought under § 1983 are "subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Boyd, 856 F.3d at 872 (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)). Florida has a four-year statute-of-limitations period for personal injury claims. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). The time period does not begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his or her rights. Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987).

Here, the statute of limitations bars Count 1. According to the Complaint, the Appellants learned on February 17, 2012 that their bank accounts were frozen. The Appellants contacted Roberts about the accounts that same day, which indicates that they knew or had reason to know that Roberts was involved in freezing their bank accounts, and were on notice about their alleged injury. Yet they did not file this case until May 2, 2016, more than four years later. Thus, the district court did not err in dismissing Count 1 on statute-of-limitations grounds.[4]

---

[4] Nor did the district court err in its alternative holding -- that the Appellants failed to state a claim in Count 1. Count 1 alleges that their Fourth Amendment rights were violated when Roberts obtained their bank records. However, the Supreme Court held in Miller that individuals do not have a Fourth Amendment expectation of privacy in information they have revealed to a third party, which includes bank records. 425 U.S. at 443–44. Without a violation of a substantive right, the Appellants' § 1983 claim cannot be sustained. Haralson Cty., 704 F.2d at 1542–43. Thus, the district court did not err in dismissing Count 1 on this alternate ground.

We also find no merit to the Appellants' claim that the district court erred in dismissing Counts 2 and 3 -- which raise § 1983 claims for malicious prosecution against Appellees Roberts, Barnes, Mahla, and Beseler -- or in dismissing Count 4 -- which raises a § 1983 claim for false arrest against Roberts, Ehrenfeld, and Weber, and a failure-to-train claim against Mahla, Barnes, Zier, and Beseler -- or in dismissing Count 8 -- raising a § 1983 claim for malicious prosecution against all of the Appellees. These claims are brought by Hoffman alone, since she was the only person arrested for fraud and grand theft as a result of the investigation by Sheriff Beseler's office.[5] The district court dismissed these counts, inter alia, based on Heck v. Humphrey, 512 U.S. 477 (1994).

Under Heck, a plaintiff cannot bring a § 1983 claim after being convicted of a criminal offense that arises from the same acts that underlie the civil suit. Id. at 487. This is because these kinds of claims necessarily imply the invalidity of the underlying conviction, which undermines the finality of convictions. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). To succeed where there is an underlying criminal conviction that would be undermined by § 1983 relief, plaintiffs "must prove that the conviction or sentence has been reversed on direct

---

[5] The Appellants also reference in the Complaint a separate arrest of Hoffman and Vaden for a witness tampering charge brought by the State Attorney's Office. But because none of the Appellees are properly alleged to have been involved in bringing those charges, that arrest is not pertinent here. See Brown v. City of Hunstville, Ala., 608 F.3d 724, 736–37 (11th Cir. 2010) (requiring "proof of an affirmative causal connection," including "personal participation" by officials in that acts that result in the constitutional deprivation) (quotation omitted).

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486–87.

The Heck doctrine bars all of the claims raised in Counts 2, 3, 4, and 8. Hoffman was originally charged with fraud and grand theft, but later pled nolo contendere, or no contest, to reduced charges of petit theft (a lesser included offense), and adjudication was withheld. Under Florida law, nolo pleas are considered convictions. Fla. Stat. § 960.291(3); Stephens v. DeGiovanni, 852 F.3d 1298, 1319 (11th Cir. 2017). Because Hoffman's state criminal conviction stands, and Hoffman has not shown that her conviction was invalidated, Heck bars her malicious prosecution, false arrest, and failure-to-train claims found in Counts 2, 3, 4, and 8.[6]

**AFFIRMED**.

---

[6] Hoffman claims that the dismissal of some charges against her constitutes a judgment in her favor. However, these claims were dismissed as a part of a plea agreement with the state prosecutors, which means that they were not terminated in her favor. See Uboh v. Reno, 141 F.3d 1000, 1006 (11th Cir. 1998) (holding that the unilateral dismissal of charges by the government was a termination of favor of a plaintiff, but contrasting that with situations where charges are dismissed "pursuant to any agreement among the parties"). Hoffman also says that the Heck doctrine should not apply because her convictions were obtained by fraud, perjury, or other corrupt means on the part of the Sheriff's Office, but we can find no merit to this argument based on the allegations in the Complaint or in the case law.